UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLAND E. WILLIAMS

VERSUS

UNITED STATES OF AMERICA

CIVIL ACTION

NO: 19-11427

SECTION: "A" (1)

## ORDER

The following motions are before the Court: **Motion for Partial Summary Judgment (Rec. Doc. 7)** filed by the plaintiff, Garland E. Williams; **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, the United States of America. The motions, submitted on October 16, 2019 and November 13, 2019, are before the Court on the briefs without oral argument.[1]

The plaintiff, Garland E. Williams, filed this action pro se against the defendant, the United States of America. The action purports to be brought against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Williams seeks to recover either $2.8 billion dollars (Rec. Doc. 1 ¶ 29) or $1.4 billion dollars (*Id.* ¶ 30) from the Government. The factual basis for the lawsuit against the United States is not ascertainable from either the complaint or Williams' opposition to the motion to dismiss. The Court assumes, however, that this civil action relates in some manner to the plethora of cases that Williams has been filing since at least 2014 seeking relief from the enforcement of child

---

[1] The motions had been pending before United States District Judges Greg Guidry and Martin L. C. Feldman when the case was transferred to Section A on September 14, 2020. Judge Feldman recused himself from this action and several others that were before him after Williams sued Judge Feldman in Civil Action 20-2471. Judge Guidry is also a defendant in two civil actions. All of Williams' pending cases are now pending before this Court.

support orders entered by state courts in Kansas and Louisiana. The United

States' motion identifies cases filed by Williams in the federal courts of Montana,

Kentucky, Kansas, and Louisiana. (Rec. Doc. 10-2, Memorandum in Support at

2). This Court has identified 12 civil actions that Williams has filed in the Eastern

District of Louisiana alone beginning with Civil Action 14-1663; in eleven of those

cases he was granted leave to proceed in forma pauperis.[2] The clear pattern that

emerges from Williams' cases is that once a case has been dismissed, in lieu of

pursuing an appeal, Williams simply files a new civil action against the presiding

judge, and any other judicial officer or court employee perceived to be involved in

the adverse ruling against him. Seven cases are pending in the Eastern District

of Louisiana at this time and all of them are before this Court:

| Civil Action no. | Defendants |
| --- | --- |
| 19-11427 | United States of America |
| 20-171 | United States of America |
| 20-337 | United States of America |
| 20-1685 | United States of America<br>Judge Greg Guidry<br>Debra Pongracz, Deputy Clerk |
| 20-1820 | United States of America<br>Judge Ivan Lemelle<br>Williams Blevins, Clerk of Court |
| 20-2470 | United States of America<br>Judge Greg Guidry<br>Debra Pongracz, Deputy Clerk |

---

[2] In civil action 16-5500, the presiding magistrate judge denied IFP status because Williams' claims were nearly identical to the legally frivolous claims that had been dismissed by Chief Judge Nannette Jolivette Brown in civil action 16-38 pursuant to that same magistrate judge's recommendation. In civil action 16-5500 Williams tried to sue Judge Brown for her actions in civil action 16-38.

20-2471                              United States of America
                                     Judge Martin Feldman
                                     Magistrate Judge Michael North
                                     Judge Ivan Lemelle
                                     Williams Blevins, Clerk of Court


The civil action *sub judice* (19-11427), which was brought against the

United States alone, purports to relate in some manner to former civil action 18-

2552—which was brought against the United States, Judge Ivan Lemelle, and

Clerk of Court Bill Blevins—which Judge Martin Feldman dismissed upon the

recommendation of Magistrate Judge Michael North. Williams did not pursue an

appeal in that case so the judgment is final. The complaint also mentions civil

action 16-15866—which was brought against several Louisiana state agencies—

which Judge Lemelle dismissed for lack of jurisdiction after Williams did not

respond to the defendants' motions to dismiss. Williams did not timely appeal in

that case so the judgment is final. Because the complaint in civil action 19-11427

is confusing and difficult to understand, the Court assumes that Williams has

sued the United States simply because the judicial officers and court employees

involved in civil actions 18-2552 and 16-15866 are officers of the federal

judiciary.[3]

The United States moves to dismiss the complaint filed in 19-11427

contending that it does not state a plausible claim for relief, and even if one could

somehow construe the complaint so as to conclude that it states a claim for

relief, the Court lacks subject matter jurisdiction because Williams has not

_____

[3] According to the United States, Williams doesn't allege a claim that could reasonably be
understood, much less answered. (Rec. Doc. 10-2, Memorandum in Support at 4).

exhausted any purported claims in this matter as required by the FTCA, 28 U.S.C. § 2675(a).

The Court agrees that Williams' complaint in civil action 19-11427 does not contain any factual support for a claim pursuant to any legal theory. Simply, the complaint is legally frivolous. But because the complaint provides no basis for a waiver of sovereign immunity against the United States, which Williams seeks to hold liable under a theory of respondeat superior for the conduct of federal judicial officers, the Court is persuaded that it lacks subject matter jurisdiction over the action.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 10)** filed by the defendant, the United States of America is **GRANTED**. The complaint is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 7)** filed by the plaintiff, Garland E. Williams is **DENIED AS MOOT**.

October 30, 2020

**Judge Jay C. Zainey**
**Eastern District of Louisiana**